O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ERIC SANVELIAN,<br><br>    Plaintiff,<br><br>  v.<br><br>RYDER TRUCK RENTAL, INC. et al.,<br><br>    Defendants. | Case № 2:20-cv-01314-ODW (SKx)<br><br>**ORDER DENYING DEFENDANT RYDER TRUCK RENTAL, INC.'S MOTION TO DISMISS OR STRIKE [14]; GRANTING PLAINTIFF'S MOTION TO REMAND [15]** |

## I.  INTRODUCTION

Plaintiff Eric Sanvelian ("Sanvelian") initiated this action in the Superior Court of California against Defendants Ryder Truck Rental, Inc. ("Ryder"), Andre Guillaume, and Danny Zwerling ("Defendants"). (*See* Notice of Removal ("NOR") Ex. 1 ("Compl."), ECF No. 1-1.) After Sanvelian dropped Guillaume and Zwerling from the pleadings, Ryder removed based on diversity jurisdiction and Sanvelian amended his complaint to re-add the two diversity-destroying Defendants. (*See generally* NOR 1, 5, ECF No. 1; Third Am. Compl. ("TAC"), ECF No. 7.) Now pending before the Court are Ryder's Motion to Dismiss or Strike Sanvelian's TAC and Sanvelian's Motion to Remand the case to state court ("Motions"). (Mot. to Dismiss ("MTD"), ECF No. 14; Mot. to Remand ("MTR"), ECF No. 15.)

Although Sanvelian filed the TAC without first seeking leave from the Court, the Court determines that it would have allowed the amendment and joinder of the two non-diverse Defendants under 28 U.S.C § 1447(e). For the reasons discussed below, the Motion to Dismiss or Strike the TAC is **DENIED**. Because complete diversity does not exist in the TAC, the Motion to Remand is **GRANTED**.[1]

## II.   BACKGROUND

### A.   Factual Allegations[2]

Sanvelian is a resident of Los Angeles, California. (TAC ¶ 3.) Ryder is a Florida corporation with its principal place of business in Miami, Florida which does business and employs individuals in Los Angeles, California. (TAC ¶ 4.) Guillaume and Zwerling are residents of Los Angeles, California. (TAC ¶¶ 5–6.)

On or about May 8, 2019, Ryder hired Sanvelian, an Armenian-American male, as a licensed technician. (TAC ¶¶ 13–14.) Sanvelian was a diligent, competent, and hard-working employee, with an outstanding record of achievement. (TAC ¶ 13.) However, Sanvelian's coworkers targeted him due to his race. (TAC ¶ 15.)

Sanvelian's fellow technicians called him an "Armenian faggot," "rat," and other racial and homophobic slurs. (TAC ¶ 21.) They also threatened him with physical violence. (TAC ¶ 22.) For example, on one occasion, another technician pointed his finger in Sanvelian's face and told him to "watch [his] f[*****]g attitude" in an aggressive manner. (TAC ¶ 21.) On another occasion, someone broke into Sanvelian's locker and stole his uniforms, forcing him to work an entire day in an oil-drenched uniform and causing a rash that required medical treatment. (TAC ¶ 21.)

Sanvelian notified upper management—supervisors Guillaume and Zwerling—of each instance of harassment verbally and in writing. (TAC ¶ 23.) They took no

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Although the Court has yet to determine whether Sanvelian's Second Amended Complaint ("SAC") or TAC is the operative pleading, the factual allegations are identical in both. Accordingly, the Court draws the factual allegations from the TAC.

action. (TAC ¶ 23.) On or about July 17, 2019, Sanvelian told Zwerling he could no longer endure the harassment and bullying he was experiencing at Ryder and resigned. (TAC ¶ 24.) Following Sanvelian's resignation, Zwerling commented that Sanvelian was a "complainer and cocky" and "these Armenians are like that." (TAC ¶ 25.)

Sanvelian alleges that Ryder's, Guillaume's, and Zwerling's harassment was sufficiently severe and pervasive as to alter the conditions of his employment and created a hostile, intimidating, and abusive work environment. (TAC ¶ 43.) Sanvelian alleges Defendants permitted such a hostile work environment to exist and retaliated against him after he complained about the harassing behavior. (TAC ¶ 43.)

**B.   Procedural History**

On October 29, 2019, Sanvelian commenced this action against Defendants Ryder, Guillaume, and Zwerling in the Los Angeles County Superior Court. (NOR 2–3; *see* Compl.) Sanvelian stated seven claims against the three Defendants in the Complaint's caption, but pleaded only five claims in the body of the Complaint, including: (1) discrimination on the basis of race in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of the FEHA; (3) retaliation in violation of the California Labor Code; (4) wrongful termination in violation of public policy; and (5) failure to prevent discrimination, retaliation, and harassment in violation of the FEHA. (Compl. ¶¶ 27–86.) Two days later, Sanvelian filed a First Amended Complaint ("FAC") and removed the factually unsupported sixth and seventh claims. (NOR 3, Ex. 2 ("FAC") 1, ECF No. 1-2.) The FAC was the same as the Complaint in all other respects.

On January 30, 2020, Sanvelian filed the SAC, in which he added a sixth claim against Ryder for harassment in violation of the FEHA and removed Guillaume and Zwerling as defendants. (NOR 5, Ex. 3 ("SAC"), ECF No. 1-3.) Ryder then removed the action to this Court. (NOR 1.) Ryder argues that complete diversity exists in the SAC because Sanvelian dropped the non-diverse Defendants, Guillaume and Zwerling. (NOR 5.)

Two days later, Sanvelian filed a TAC. (*See generally* TAC.) The TAC contains the same claims and factual allegations as the SAC, the only difference being Sanvelian again lists Zwerling and Guillaume as defendants. (*Compare* SAC *with* TAC.) Sanvelian did not seek leave to file the TAC.

Ryder moves to dismiss or strike Sanvelian's TAC. (MTD 1.) Ryder argues that Sanvelian filed the TAC for the sole purpose of destroying the Court's subject matter jurisdiction. (MTD 1.) In response, Sanvelian moves to remand the action to state court on grounds including that the Court lacks subject matter jurisdiction because the parties in the TAC are not completely diverse. (MTR 9.)

## III. REQUEST FOR JUDICIAL NOTICE

Along with the Motion to Dismiss or Strike, Ryder requests the Court take judicial notice of several documents associated with *Noel J. Mijares v. Ryder Truck Rental, Inc.*, Case No. 2:20-cv-01328-MWF (KSx) (C.D. Cal.). (Req. for Judicial Notice ("RJN") 2–3, ECF No. 14-2.) The Court may take judicial notice of proceedings in other courts "if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of California Court of Appeal opinion and briefs). However, the Court does not rely on the proffered court documents to resolve the present Motions, nor would they affect the outcome. Therefore, the Court **DENIES** Ryder's RJN.

## IV. DISCUSSION

### A. Motion to Dismiss or Strike the Third Amended Complaint

Ryder requests that the Court dismiss or strike Sanvelian's TAC pursuant to 28 U.S.C. § 1447(e) and Federal Rule of Civil Procedure ("Rule") 12(f). (Notice of MTD 1, ECF No. 14.) Ryder argues that Sanvelian's TAC is an "undisguised effort to destroy the Court's subject matter jurisdiction," and the joinder of the non-diverse Defendants after removal should not be afforded the permissive standard for

amendment under Rule 15. (Notice of MTD 1; MTD 4.) However, as Sanvelian did not request leave to file the TAC, the Court must first determine whether the TAC is properly before the Court before evaluating whether the joinder is appropriate.

### 1. Sanvelian Improperly Filed the Third Amended Complaint

Sanvelian argues that he was authorized to file the TAC as a matter of right under Rule 15(a)(1)(B). (*See* Opp'n to MTD ("Opp'n MTD") 3, ECF No. 17.) Sanvelian is incorrect.

Rule 15 states that a party may amend its pleading *once* as a matter of course. Fed. R. Civ. P. 15(a)(1). If a party has already used or waived its right to amend once as a matter of course, further amendment requires consent of the opposing party or leave of the court. *Id.* 15(a)(2). The requirements in Rule 15(a)(2) apply to amendments after an action is removed because the federal court "treats everything that occurred in the state court as if it had taken place in federal court." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (quoting *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963)). Therefore, if a plaintiff has already amended his pleading once as a matter of right in state court, he may not do so again in federal court. *Howell v. City of Fresno*, CV F-07-371-OWW (TAG), 2007 WL 1501844, at *2 (E.D. Cal. May 23, 2007).

Here, Sanvelian filed his Complaint in state court on October 29, 2019. (NOR 2.) Sanvelian then filed two amended complaints on October 31, 2019 and January 30, 2020. (NOR 3–5.) Thus, Sanvelian exhausted his option to amend his pleading once as a matter of right while the action was in state court. After removal, Rule 15(a)(2) required Sanvelian to seek leave of court or written consent from Ryder to file the TAC. As Sanvelian did neither, he improperly filed the TAC.

Usually, "[w]here an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, it is without legal effect." *Gengler v. United States*, 463 F. Supp. 2d 1085, 1093 (E.D. Cal. 2006). However, under some circumstances, courts may allow an amendment even though no request

was made. *See United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013) ("[T]he absence of a formal motion for leave to amend does not preclude the district court from granting it."). Improper amendments may be permitted when "the court would have granted leave to amend if it had been sought and none of the parties would be prejudiced by allowing the change." *Rouchon v. Cty. of Los Angeles*, No. 2:18-CV-10029-VAP (MAAx), 2019 WL 8755120, at *2 (C.D. Cal. Nov. 26, 2019).

Here, striking the TAC would set off a series of events—including a new round of motions and briefings—that would unnecessarily prolong the Court's decision-making process. *See Wolff-Bolton v. Manor Care-Tice Valley CA, LLC*, No. 17-CV-02405-JSC, 2017 WL 2887857, at *4 (N.D. Cal. July 7, 2017) (finding that striking the complaint would require the court to "deny the motion to remand, and then decide the issue after Plaintiffs file a formal motion for leave to amend and another motion to remand"). This would be inconsistent with Rule 1 of the Federal Rules of Civil Procedure, which commands courts "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Therefore, the Court considers whether it would have granted leave to file the TAC had Sanvelian properly requested it.

*2.   The Court Would Have Granted Leave to File the TAC*

Generally, Rule 15 advises that "leave shall be freely given when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see* Fed. R. Civ. P. 15(a)(2). But, amending to join a defendant from the same state as the plaintiff, as Sanvelian seeks to do here with Zwerling and Guillaume, "deprives the district court of original diversity jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Diversity-destroying amendments are thus scrutinized more closely than other types of amendments. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (urging the district court to carefully consider the plaintiff's motive for joining a non-diverse defendant

after removal). Courts evaluate such amendments under the standard set by 28 U.S.C. § 1447(e). *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1010–11 (N.D. Cal. 2000).

Under § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See also Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999) (explaining that § 1447(e) "gives the court discretion to consider the propriety and fairness of allowing [the] amendment").

When analyzing whether a diversity-destroying amendment should be permitted or denied under § 1447(e), courts weigh the following six factors:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citing *Clinco*, 41 F. Supp. 2d at 1082). When considered as a whole, these factors weigh in favor of allowing the TAC. The Court addresses each factor in turn.

### a. Whether Guillaume and Zwerling Would Be Joined Under Rule 19(a) as needed for just adjudication

The first factor considers whether amendment should be permitted to allow joinder of non-diverse defendants under Rule 19. "[Rule] 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082; Fed. R. Civ. P. 19(a). Importantly, "amendment under § 1447(e) is a less restrictive standard than

for joinder under [Rule 19]." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012. This factor favors joinder "when failure to join will lead to separate and redundant actions." *Id.* at 1011. It weighs against joinder when the "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012; *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002) (looking for a "high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action").

Sanvelian alleges five claims against Ryder and one claim for harassment in violation of the FEHA against Zwerling, Guillaume, and Ryder jointly—all of which arise out of the same facts and implicate the same legal issues. (*See generally* TAC.) Sanvelian's claims all derive from allegations that Guillaume and Zwerling did nothing when Sanvelian reported incidents of harassment and threats by his coworkers. (*See* TAC ¶¶ 16–23.) Sanvelian argues that it is their "action and inactions that give rise to the entire matter." (Opp'n MTD 8.) Sanvelian's allegations demonstrate that these parties are more than tangentially related.

Nevertheless, Ryder asserts that Zwerling and Guillaume are not necessary parties because their actions and liability are imputed to Ryder under the doctrine of *respondeat superior*. (MTD 6 (citing *Munoz v. Walmart Inc.*, No. 2:19-CV-08333-ODW (JPRx), 2020 WL 91499, at *2 (C.D. Cal. Jan. 8, 2020)).) However, while only employers may be liable for certain claims, like FEHA discrimination, the California Supreme Court has expressly held that supervisors can be individually liable for a FEHA harassment claim. *See Reno v. Baird*, 18 Cal. 4th 640, 659 (1998); *see also Page v. Super. Ct.*, 31 Cal. App. 4th 1206, 1212 (1995) ("As to supervisors . . . the language of FEHA is unambiguous in imposing personal liability for harassment . . . in violation of FEHA."). Thus, Sanvelian may pursue an independent cause of action for harassment directly against Guillaume and Zwerling. Forcing Sanvelian to pursue such claims separately in state court would lead to redundancy; therefore, this factor weighs in favor of permitting the joinder.

### b. Statute of Limitations

Sanvelian and Ryder agree that a state action against Zwerling and Guillaume would not be time-barred. (*See* MTD 7; Opp'n MTD 8–9.) Consequently, this factor does not favor the amendment. *Clinco*, 41 F. Supp. 2d at 1083. Nevertheless, courts may permit joinder of non-diverse defendants even where a statute of limitations has not run because "requiring [the plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

### c. Delay in Seeking Joinder

When determining whether to allow an amendment that joins a non-diverse party, courts consider whether the amendment was timely. *Clinco*, 41 F. Supp. 2d at 1083 (citing *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983)) (finding the amendment timely when the plaintiff filed it less than six weeks after removal). Sanvelian filed his Complaint on October 29, 2019, and the FAC on October 31, 2019—both of which included Zwerling and Guillaume as defendants. (*See generally* Compl.; FAC.) On January 30, 2020, Sanvelian dropped the claims against Zwerling and Guillaume in the SAC. (*See generally* SAC.) Sanvelian reinstated the claims against them in the TAC less than two weeks after filing the SAC and only two days after Ryder's removal. (*See generally* TAC). Based on this history, Sanvelian added the claims against Zwerling and Guillaume without unreasonable delay after Ryder removed the case. *See, e.g.*, *Boon*, 229 F. Supp. 2d at 1023 (finding that plaintiffs did not unreasonably delay in filing their amended complaint less than three months after the original complaint and less than one month after removal). Therefore, this factor weighs in favor of permitting the joinder.

### d. Motive for Joinder

The presence of Guillaume and Zwerling will defeat the Court's diversity jurisdiction and require a remand to state court; therefore, the Court must "look with particular care" at Sanvelian's motive for seeking joinder. *Desert Empire Bank*, 623

F.2d at 1376. Ryder contends that Sanvelian has nothing to gain from adding Zwerling and Guillaume as defendants other than defeating diversity jurisdiction. (*See* MTD 8.) On the other hand, Sanvelian argues that the individuals' actions are "key to [his] claims" and he should be allowed to amend to "add the defendants necessary to prosecute those claims." (Opp'n MTD 9.) Ultimately, "Defendant's view of Plaintiff's motive is no more compelling than Plaintiff's explanation of [his] motive, and Plaintiff's preference for state court is no less honorable than Defendant's for federal court." *Oettinger v. Home Depot*, No. C 09-01560 CW, 2009 WL 2136764, at *3 (N.D. Cal. July 15, 2009). Therefore, this factor is neutral.

### e. Validity of Claims

Ryder argues that Sanvelian failed to state any viable claim for harassment against either Guillaume or Zwerling as a matter of law. (*See* MTD 9.) Ryder may be correct that the allegations in the TAC would not survive a motion to dismiss; however, Ryder misconstrues the standard that applies under the § 1447(e) factor analysis. (*See* Reply MTD 6.)

Under § 1447(e) "[t]he existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder." *Taylor v. Honeywell Corp.*, No. C 09-4947 SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010). "In considering the validity of plaintiff's claims, the [c]ourt need only determine whether the claim *seems* valid which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Avellanet v. FCA US LLC*, No. CV 19-7621-JFW (KSx), 2019 WL 5448199, at *3 (C.D. Cal. Oct. 24, 2019) (emphasis added) (internal quotation marks omitted). Rather, to succeed under this factor, the "defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Amper v. Ashley Furniture Indus.*, No. CV 15-8274-JFW (JPRx), 2015 WL 8783538, at *2 (C.D. Cal. Dec. 15, 2015).

Sanvelian alleges harassment in violation of the FEHA against Zwerling and Guillaume. (TAC ¶¶ 39–51.) Ryder contends that Sanvelian's factual allegations in

the TAC are insufficient to state a claim under FEHA. (MTD 9.) However, Ryder does not establish that Sanvelian could not amend his complaint again to cure any deficiencies. Therefore, this factor favors joinder. *See, e.g.*, *Jackson v. Dollar Tree Distrib., Inc.*, No. CV 18-2302 PSG (SKx), 2018 WL 2355983, at *6 (C.D. Cal. May 23, 2018) (finding in favor of joinder where one potentially valid claim existed).

### f. Prejudice

With respect to this final factor, denying the joinder would force Sanvelian "to choose between pursuing a parallel action in state court involving redundant litigation arising out of the same facts and legal issues, or foregoing [his] potential claims." *Falcon v. Scottsdale Ins. Co.*, No. CV 06-122-FVS, 2006 WL 2434227, at *4 (E.D. Wash. Aug. 21, 2006); *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1013. As discussed above, Sanvelian may seek to hold Guillaume and Zwerling individually liable for harassment under the FEHA. If Sanvelian had to litigate this issue separately in state court, it "would be a waste of judicial resources." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012. Furthermore, allowing the amendment and joinder would not prejudice Ryder this early in litigation, particularly as discovery has not yet begun. *Id.* at 1013 (finding no prejudice towards defendant when discovery had yet to begin). Accordingly, this factor weighs in favor of permitting the joinder.

### g. Conclusion as to the §1447(e) Factors

On balance, the Court determines that it would have granted Sanvelian leave to file the TAC under § 1447(e). Thus, the Court deems the TAC the operative complaint and **DENIES** Ryder's Motion to Dismiss or Strike the TAC.

**B.    Motion to Remand**

Sanvelian argues that Ryder's removal of the SAC was procedurally and substantively improper. (MTR 1.) However, even assuming removal was proper, Sanvelian subsequently filed the TAC, which the Court accepts as the operative complaint for the reasons stated above. The TAC adds two non-diverse Defendants, Guillaume and Zwerling, destroying complete diversity and the Court's jurisdiction.

*See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp.*, 545 U.S. at 553 ("[T]he presence . . . of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction . . . ."). Accordingly, the Court **GRANTS** Sanvelian's Motion to Remand.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant Ryder's Motion to Dismiss or Strike Sanvelian's TAC.  (ECF No. 14.)  Further, the Court **GRANTS** Sanvelian's Motion to Remand and **REMANDS** this action to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, No. 19STCV38794.  (ECF No. 15.)  All dates and deadlines are **VACATED**.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

July 20, 2020

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**